UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD B. BURGESS,

        Plaintiff,

v.                           Case No. 16-CV-1147

SCOTT ECKSTEIN,
LT. LENZ,
C.O. BRUNNER,
JEAN LUTSEY,
DR. SAUVEY,
DR. KZSHENA,
KATHY LENENS,
NURSE UTTER,
NURSE HUEMPHFN,
NURSE MALSTEEN,
J. LABELLE,
J. PERTTU,
A. BOATWRIGHT,
CINDY O'DONNELL,

        Defendants.

## ORDER

Plaintiff Edward B. Burgess, a Wisconsin state prisoner who is representing himself, filed a civil rights action under 42 U.S.C. § 1983 alleging that the defendants

violated his Eighth Amendment rights at the Green Bay Correctional Institution. This matter comes before the court on Burgess's motion for leave to proceed without prepayment of the filing fee (ECF No. 2), for screening of the complaint (ECF No. 1), and on Burgess's motion to appoint counsel (ECF No. 4).

Motion for Leave to Proceed without Prepayment of the Filing Fee

The Prison Litigation Reform Act ("PLRA") allows inmates to proceed with their lawsuits in federal court without pre-paying the full filing fee. 28 U.S.C. § 1915. Inmates must comply with certain requirements, one of which is to pay an initial partial filing fee. 28 U.S.C. § 1915(b). The court assessed an initial partial filing fee of $32.80. (ECF No. 7). Burgess paid that amount on September 19, 2016. Therefore, the court will grant his motion for leave to proceed without prepayment of the filing fee.

Screening of the Complaint

The PLRA requires courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to

relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The complaint must contain sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Federal courts follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Iqbal*, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not supported by facts "are not entitled to the assumption of truth." *Id*. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. The court gives *pro se* allegations, "however

3
Case 2:16-cv-01147-JPS   Filed 10/19/16   Page 3 of 13   Document 11

inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Factual Allegations

In November 2012, Burgess was an inmate at the Fox Lake Correctional Institution ("FLCI"). (ECF No. 1, ¶ 16.) At that time, FLCI doctors had diagnosed him with "chronic plantar fasciitis feet." (*Id.*, ¶ 3.) The condition causes painful bone spurs on the bottom of an individual's feet, and Burgess often could not walk for days when the condition flared up. (*Id.*, ¶¶ 3, 10, 15, 41, 42.) The doctors at FLCI ordered several medical items to relieve the pain: proper orthotics and shoes, shoe inserts, a splint brace, a cane, and heel caps. (*Id.*, ¶¶ 3-10.)

On or about June 15, 2015, the Department of Corrections ("DOC") transferred Burgess from FLCI to Green Bay Correctional Institution ("GBCI"). (*Id.*, ¶ 16.) The next day, on June 16, 2015, Burgess "was given his state issued Adidas shoes for his planter fasciitis feet." (*Id.*, ¶ 17.) The complaint mentions several different types of shoes, "black NB tennis shoes" (*id.*, ¶ 6), "black apex shoes" (*id.*, ¶ 11), "black Bob Barker Boots" (*id.*), "Adidas shoes" (*id.*, ¶ 17, 34, 36-37), "diabetic shoes" (*id.*, ¶¶ 21, 24, 29), and "special tennis shoes" (*id.*, ¶¶ 22, 29), and it is not entirely clear whether they are the same shoe or different shoes.

In any event, Burgess appears to have received at least one pair of shoes—what he refers to as "diabetic shoes"—in addition to the "Adidas shoes" he received on June

16, 2015. (*See id.*, ¶¶ 21, 24, 29.) The diabetic shoes were inadequate for his plantar fasciitis feet, and on September 15, 2015, Burgess sent a request slip to the Health Services Unit ("HSU") explaining that he had pain in his left heel and could not walk properly. (*Id.*, ¶ 19.) On September 28, 2015, Malsteen gave Burgess a tennis ball to use on his feet. (*Id.*, ¶ 20.)

On October 13, 2015, Burgess sent Dr. Sauvey a second HSU request slip stating that "he needed plantar fasciitis shoes not diabetic shoes, because his inserts are too high for low top shoes." (*Id.*, ¶ 21.) On January 6, 2016, Dr. Aroboleda ordered that Burgess "be provided with special tennis shoes, orthotics and a tennis ball for [his] feet." (*Id.*, ¶ 22.) Burgess submitted several more HSU request slips (dated March 1, 2016, March 27, 2016, and April 1, 2016) stating that he was in "serious pain," could not walk properly, and needed new shoes or surgery. (*Id.*, ¶¶ 23, 24, 25.) On April 2, 2016, Malsteen sent Burgess a response to his requests stating, "no surgery ordered." (*Id.*, ¶ 26.)

The next day, on April 3, 2016, Burgess filed an inmate complaint regarding Dr. Sauvey's failure to treat his planter fasciitis feet. (*Id.*, ¶ 27.) LaBelle recommended that the complaint be dismissed because Burgess "must work with physicians and staff on the current medical concern." (*Id.*, ¶ 28.) Perttu agreed with Labelle's recommendation and dismissed the complaint. (*Id.*, ¶ 29.) Burgess appealed Perttu's decision, and Boatwright affirmed the decision in an attempt to "cover up Dr. Sauvey's deliberate

5

indifference." (*Id.*, ¶¶ 30-31.) Burgess appealed Boatwright's decision and O'Donnell affirmed. (*Id.*, ¶ 32.)

On April 10, 2016, Burgess sent Dr. Sauvey another request slip asking her to provide him with "proper medical shoes for his plantar fasciitis feet" and asking for an "ice restriction bag" to be used on his feet. (*Id.*, ¶ 33.) Dr. Sauvey, Lutsey, Lenens, Brunner, and Lenz "all got together and had Brunner write the plaintiff a conduct report and took the plaintiff's medical tennis ball and his custom made Adidas shoes." (*Id.*, ¶ 34.) Burgess appealed the conduct report and Eckstein affirmed. (*Id.*, ¶ 35.)

Burgess then informed Lenens by letter dated June 19, 2016 that Brunner had confiscated his "medical Adidas shoes that were custom made for [his] planter fasciitis feet." (*Id.*, ¶ 36.) Burgess also sent Lutsey a letter on June 23, 2016 asking her why Brunner had confiscated his medical Adidas shoes. (*Id.*, ¶ 37.) Lutsey wrote back stating that Dr. Sauvey ordered that the shoes and orthotics be discontinued. (*Id.*, ¶ 38.)

On August 11, 2016, Burgess went to an outside medical provider in the city of Green Bay, where painful tests were done on his feet to prove that he had plantar fasciitis. (*Id.*, ¶ 39.) Burgess seeks monetary damages.

<u>Analysis of Factual Allegations</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state

law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Liability under § 1983 is predicated on a defendant's personal involvement in the constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal [involvement] . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Id*. (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate the Eighth Amendment when they show "deliberate indifference" to a substantial risk of serious harm to inmate health or safety. *Id*. at 834-35. Jail officials are deliberately indifferent when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). An inmate's condition is sufficiently "serious" if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.* (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Burgess may proceed with his deliberate indifference claims against Dr. Sauvey, Malsteen, Lutsey, Lenens, Brunner, Lenz, and Boatwright. Burgess alleges that all of these individuals had knowledge of the "serious pain" in his feet from "chronic plantar fasciitis" and purposely ignored it. He alleges that Dr. Sauvey reviewed his FLCI medical file which specifically listed the medical items that he needed for his feet. Instead of giving him the prescribed items, she provided him with "diabetic shoes," which were inadequate, and a medical tennis ball, which was ineffective. When Burgess continued to request different medical care, Dr. Sauvey discontinued the shoes and the medical tennis ball altogether, leaving him with no pain relief at all. Although it is not clear from the complaint, one reading of it is that Malsteen "turned a blind eye" to Burgess's pain by sending the medical request slip back stating "no surgery ordered."

After Dr. Sauvey discontinued treatment, Brunner and Lenz confiscated the shoes and medical tennis ball and wrote Burgess a conduct report. Burgess then notified Lutsey and Lenens that his medical items were discontinued and neither took action to help relieve his pain. Boatwright affirmed the ruling on his inmate complaint in an attempt to "cover up" the incident. These factual allegations imply that Dr. Sauvey, Malsteen, Lutsey, Lenens, Brunner, Lenz, and Boatwright all had knowledge of the "serious pain" in Burgess's feet from "chronic plantar fasciitis" and deliberately disregarded it. Therefore, Burgess may proceed with his Eighth Amendment claims against Dr. Sauvey, Malsteen, Lutsey, Lenens, Brunner, Lenz, and Boatwright.

Burgess, however, may not proceed with his deliberate indifference claims against Kzshena, Utter, Huemphfn, Labelle, Perttu, O'Donnell, and Eckstein. Kzshena is not mentioned anywhere in the complaint other than the caption. Burgess provides no facts at all about what Kzshena did or did not do regarding his medical care. The allegations against Kzshena do not satisfy the "personal involvement" requirement of § 1983. Therefore, the court will dismiss Kzshena from the action.

Burgess alleges that Utter and Huemphfn "did everything they could to cause the plaintiff all kinds of unnecessary pain" but he does not include any facts about what Utter and Huemphfn did or did not do regarding his medical care. The court need not accept legal conclusions that are not supported by factual allegations. *Iqbal*, 556 U.S. at 679. Therefore, the court will dismiss Utter and Huemphfn from the action.

Finally, Burgess's factual allegations regarding Labelle, Perttu, O'Donnell, and Eckstein are limited to their ruling on his inmate complaint, conduct reports, and appeals. ECF No. 1, ¶¶ 28-30, 32, 35. Complaint examiners are not "deliberately indifferent" under § 1983 for simply ruling on a complaint. *Burks v. Rasmisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). A complaint examiner is deliberately indifferent only when he refuses to do his job or "routinely sends grievances to the shredder without reading them." *Id*. Unlike Burgess's factual allegations against Boatwright, who attempted to "cover up" information from the inmate complaint to help Dr. Sauvey and his colleagues, Burgess's factual allegations against Labelle, Perttu, O'Donnell, and Eckstein

are limited to their ruling on his complaints. Absent other malicious acts, simply ruling on a a complaint or appeal does not amount to "deliberate indifference." Therefore, Labelle, Perttu, O'Donnell, and Eckstein will also be dismissed from this action.

Motion to Appoint Counsel

Federal courts have discretion to recruit counsel for litigants unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). However, litigants must first demonstrate that they have made reasonable attempts to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Generally, a litigant must contact at least three attorneys and provide the court with: (1) the attorneys' names, (2) the addresses, (3) the date and way plaintiff attempted to contact them, and (4) the attorney's responses.

Once the litigant makes that attempt, the court must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Burgess has not met his burden to demonstrate that he made reasonable attempts to secure private counsel on his own. Therefore, the court will deny his motion to

appoint counsel without prejudice. Burgess may refile this motion after he contacts at least three attorneys and provides the court with: (1) the attorneys' names, (2) the addresses, (3) the date and way plaintiff attempted to contact them, and (4) the attorney's responses.

ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IS IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS ALSO ORDERED THAT** Scott Eckstein, Dr. Kzshena, Nurse Utter, Nurse Huemphfn, J. LaBelle, J. Perttu, and Cindy O'Donnell are dismissed from the action.

**IT IS ALSO ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lt. Lenz, C.O. Brunner, Jean Lutsey, Dr. Sauvey, Kathy Lenens, Nurse Malsteen, and A. Boatwright.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Lt. Lenz, C.O. Brunner, Jean Lutsey, Dr. Sauvey, Kathy Lenens, Nurse Malsteen, and A. Boatwright shall file a

11
Case 2:16-cv-01147-JPS   Filed 10/19/16   Page 11 of 13   Document 11

responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $317.20 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the Wisconsin Secure Program Facility where the plaintiff is confined.

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>    Office of the Clerk
>    United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 19th day of October, 2016.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge